IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| LUCIA FELIX RODRIGUEZ,<br><br>  Plaintiff,<br><br>v.<br><br>CITY PINESTRAW AND HARVESTING, LLC; SEGURA'S HARVESTING, LLC, FRANCISCO SEGURA; and MARIA CAMELIA SEGURA,<br><br>  Defendants. | Civil Action File No.<br>2:20-cv-93 |

## DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

COME NOW City Pinestraw & Harvesting, LLC ("City Pinestraw"),

Francisco Segura,  Maria Camelia Segura and Segura's Harvesting, LLC

("Segura's Harvesting") (individually referred to as a "Defendant" or collectively

as "Defendants"), and file this joint Answer to Plaintiff Lucia Felix Rodriguez's

("Rodriguez" or "Plaintiff") Amended Complaint.

## PRELIMINARY STATEMENT

1.     Admitted.

2.     Denied.

3.     Defendants answer that the Complaint speaks for itself as to the claims

alleged.  Defendants deny that they are liable to Plaintiff under any of the

asserted claims.

4.     Defendants answer that the Complaint speaks for itself as to damages

sought by Plaintiff.  Defendants deny that they are liable to Plaintiff for

any damages whatsoever.

<u>JURISDICTION AND VENUE</u>

5.     Defendants admit that this Court has jurisdiction over this case, including

under the statutes set forth in sections (a)-(g), but deny that they have

committed any violation of any law that would give rise to any claim

asserted against them in Plaintiff's Complaint.

6.     Defendants admit that they received notice of a charge Plaintiff filed with

the Equal Employment Opportunity Commission, but deny that they have

engaged in any of the conduct alleged in that charge.

7.     Defendants admit that this Court has supplemental jurisdiction over

Plaintiff's state law claims.

8.     Defendants admit that venue lies in this Court; however, they deny that

they have engaged in any conduct that would give rise to any claim

asserted against them in Plaintiff's Complaint.

<u>PARTIES</u>

9.    Defendants admit that, to the best of their knowledge, Plaintiff is and has been a citizen of Mexico, and that Plaintiff entered the United States on an H-2A visa to work for City Pinestraw and Harvesting LLC and/or Segura Harvesting, LLC.

10.   Defendants answer that Exhibit A speaks for itself and Defendants have no independent knowledge of the validity of the Exhibit.

11.   Defendants answer that the assertions in paragraph 11 call for a legal conclusion, which Defendants are not qualified to make. Therefore, no further answer is required. To the extent any answer is required, paragraph 11 is denied.

12.   Defendants answer that this allegation calls for a legal conclusion, which they are not qualified to make. Therefore, no answer is required.  To the extent any answer is required, paragraph 12 is denied.

13.   Denied.

14.   Denied as stated.  Defendants do not personally recruit workers.

15.   Admitted.

16.   Admitted.

17.    Defendants deny that the named individuals "alternated" as owners or organizers.  Defendants admit only that, at this time, Francisco Segura is the Registered Agent of the Defendant City Pinestraw.

18.    Admitted.

19.    Denied as stated.  Defendants admit only that Francisco Segura operates Defendant City Pinestraw and Harvesting, LLC.

20.    Admitted.

21.    Admitted.

22.    Admitted.

23.    Defendants deny that the named individuals "alternated" as members, organizers and managers of Segura's Harvesting.

24.    Admitted.

25.    Denied as stated.  Defendants admit only that Francisco Segura operates Defendant Segura's Harvesting, LLC

26.    Admitted.

27.    Admitted.

28.    Defendants answer that the assertions in paragraph 28 call for a legal conclusion, which Defendants are not qualified to make. Therefore, no

4

further answer is required.  To the extent any answer is required, paragraph 28 is denied.

29.   Defendants answer that the assertions in paragraph 29 call for a legal conclusion, which Defendants are not qualified to make. Therefore, no further answer is required.  To the extent any answer is required, paragraph 29 is denied.

30.   Defendants answer that the assertions in paragraph 30 call for a legal conclusion, which Defendants are not qualified to make. Therefore, no further answer is required.  To the extent any answer is required, paragraph 30 is denied.

31.   Defendants answer that the assertions in paragraph 31 call for a legal conclusion, which Defendants are not qualified to make. Therefore, no further answer is required.  To the extent any answer is required, paragraph 31 is denied.

32.   Defendants answer that the assertions in paragraph 32 call for a legal conclusion, which Defendants are not qualified to make. Therefore, no further answer is required.  To the extent any answer is required, paragraph 32 is denied.

33.   Defendants answer that the assertions in paragraph 33 call for a legal conclusion, which Defendants are not qualified to make. Therefore, no further answer is required.  To the extent any answer is required, paragraph 33 is denied.

34.   Defendants answer that the assertions in paragraph 34 call for a legal conclusion, which Defendants are not qualified to make.  Therefore, no further answer is required.  To the extent any answer is required, paragraph 34 is denied.

35.   Defendants answer that the assertions in paragraph 35 call for a legal conclusion, which Defendants are not qualified to make. Therefore, no further answer is required.  To the extent any answer is required, paragraph 35 is denied.

36.   Defendants admits only that Maria Segura and Francisco Segura owned Segura's Taqueria and that Maria Segura operated the same.  The remaining allegations in paragraph 36 are denied.

37.    Defendants admit that Defendant City Pinestraw was an employer of Plaintiff under the FLSA.  Defendants deny the remaining allegations in paragraph 37.  Francisco and Maria Segura were not Plaintiff's employer.

38.    Defendants admit that Defendant City Pinestraw was an employer of
       Plaintiff under Title VII.  Defendants deny the remaining allegations in
       paragraph 37. Francisco and Maria Sergura were not Plaintiff's
       employer.

39.    Denied as stated.

40.    Denied as stated.

41.    Admitted.

42.    Admitted.

43.    Admitted.

44.    Denied as stated.  Plaintiff was not the employee of the individual
       Defendants.  Admitted as to City Pinestraw and Segura's Harvesting
       only.

45.    Denied as stated.  Plaintiff was not the employee of the individual
       Defendants.  Admitted as to City Pinestraw and Segura's Harvesting
       only.

46.    Denied as stated.  Defendants further object to the use of the word
       "enterprise" as it is not placed in context or defined.  The corporate
       defendants named in this paragraph admit only that they are businesses

whose annual gross volume of sales or business done is not less than $500,000.  The allegations are denied as to Francis and Maria Segura.

## STATUTORY AND REGULATORY STRUCTURE OF THE H-2A PROGRAM

47. Defendants answer that the assertions in paragraph 47 call for a legal conclusion, which Defendants are not qualified to make. Therefore, no further answer is required.

48. Defendants answer that the assertions in paragraph 48 call for a legal conclusion, which Defendants are not qualified to make. Therefore, no further answer is required.  The regulations cited speak for themselves.

49. Defendants answer that the assertions in paragraph 49 call for a legal conclusion, which Defendants are not qualified to make. Therefore, no further answer is required.  The regulations and forms cited in subsections (a)-(d) speak for themselves.

50. Defendants answer that the assertions in paragraph 50 call for a legal conclusion, which Defendants are not qualified to make. Therefore, no further answer is required.  The form speaks for itself.

51. Defendants answer that the assertions in paragraph 51 call for a legal conclusion, which Defendants are not qualified to make. Therefore, no further answer is required.  The regulations cited speak for themselves.

52.   Defendants answer that the assertions in paragraph 52 call for a legal conclusion, which Defendants are not qualified to make. Therefore, no further answer is required.  The documents cited speak for themselves.

53.   Admitted.

54.   Defendants are without sufficient knowledge to admit or deny the SWA's internal procedures.  The regulations cited speak for themselves.

55.   Defendants are without sufficient knowledge to admit or deny the SWA's internal procedures and/or the legal requirements of the Job Order.  The regulations cited speak for themselves.

56.   Defendants answer that the assertions in paragraph 56 and subsections (a)-(e) call for a legal conclusion, which Defendants are not qualified to make. Therefore, no further answer is required.  The regulations cited speak for themselves.

<u>STATEMENT OF FACTS</u>

<u>The RICO Defendants' Use of the RICO Enterprise</u>

**A. 2015 Job Order**

57.   Denied.

Representations Regarding Plaintiff's Employment

## A. 2015 Job Order

58. Defendants object to the use of the term "RICO Defendants" to describe the Defendants in the Complaint and deny that the statement of facts set forth in the Complaint accurately characterizes the acts or intentions of the Defendants. Defendants admit only that certain documents were submitted on behalf of Defendant City Pinestraw in connection with legitimately obtaining workers through the H-2A program to work in the United States.

59. Admitted.

60. Defendants answer that the Certification speaks for itself.

61. Defendants answer that the Job Order and the Exhibit speak for themselves.

62. Defendants are without sufficient knowledge to admit or deny what the GADOL relied on in approving the 2015 Job Order.

63. Defendants answer that the Job Order speaks for itself.

64. Admitted.

65. Defendants are without sufficient knowledge to admit or deny what the USDOL relied on in approving the 2015 Application for Certification.

66.    Defendants are without sufficient information to admit or deny the
       statements in paragraph 66.  Alternatively, the allegations are denied.
       Francisco Segura signed and sent via email documents to a third party,
       who handled all documentation and certification of the H-2A application.
       Defendants did not send H-2A documents directly to the USDOL or
       GADOL.

67.    Denied.

68.    Defendants are without sufficient knowledge to admit or deny how or if
       Plaintiff was recruited.   Defendants did not personally do the recruiting.

69.    Defendants are without sufficient knowledge to admit or deny paragraph
       69 of the Amended Complaint.

70.    Defendants are without sufficient knowledge to admit or deny what
       Plaintiff relied on when accepting any job offer.

71.    Defendants answer that the allegations in Paragraph 71 call for a legal
       conclusion, which Defendants are not qualified to make.  Therefore, no
       further answer is required.

72.    Admitted.

73.    Defendants answer that the allegations in Paragraph 71 call for a legal

conclusion, which Defendants are not qualified to make. Therefore, no

further answer is required.

74.    Defendants answer that the allegations in Paragraph 74 call for a legal

conclusion, which Defendants are not qualified to make. To the extent an

answer is required, Defendants answer that they complied at all times

with the requirements of the Job Order, the work contract, and the law.

75.    Defendants answer that the allegations in Paragraph 75 call for a legal

conclusion, which Defendants are not qualified to make. To the extent an

answer is required, Defendants answer that they complied at all times

with the requirements of the Job Order, the work contract and the law.

**B. 2017 Job Order**

76.    Defendants object to the use of the term "RICO Defendants" to describe

the Defendants in the Complaint and deny that the statement of facts set

forth in the Complaint accurately characterize the acts or intentions of the

Defendants.  Defendants admit only that certain documents were

submitted on behalf of Defendant City Pinestraw in connection with

legitimately obtaining workers through the H-2A program to work in the

United States.

77.    Admitted.

78.    Defendants answer that the "Employer Certification" speaks for itself.

79.    Defendants answer that the "2017 Job Order" speaks for itself.

80.    Denied.

81.    Denied.

82.    Denied.

83.    Denied.

84.    Defendants are without sufficient knowledge to admit or deny what the

        GADOL relied on when it approved the 2017 Job Order.

85.    Defendants answer that the 2017 Job Order speaks for itself.

86.    Defendants admit that the Application for Certification was signed. The

        language and terms of the application speak for themselves.

87.    Denied.

88.    Denied.

89.    Denied.

90.    Denied.

91.    Denied.

92.     Denied. Further answering, Defendants are without sufficient knowledge
        to admit or deny what the USDOL relied on in certifying the 2017
        Application for Certification.

93.     Denied.

94.     Denied.

95.     Defendants object to the use of the words "RICO Defendants."
        Defendants are without sufficient knowledge to admit or deny how or if
        Plaintiff was recruited.  Defendants do not personally recruit.

96.     Defendants object to the use of the words "RICO Defendants."
        Defendants are without sufficient knowledge to admit or deny how the
        2017 Job Order was communicated to Plaintiff.

97.     Defendants object to the use of the words "RICO Defendants."
        Defendants are without sufficient knowledge to admit or deny when or
        how the 2017 Job Order was communicated to Plaintiff.

98.     Denied.

99.     Denied.

100.    Denied

101.  Defendants answer that the allegations in paragraph 101 call for a legal conclusion, which Defendants are not qualified to make.  Therefore, no answer is required.  Therefore, no further answer is required.

102.  Admitted.

103.  Defendants answer that the allegations in paragraph 101 call for a legal conclusion, which Defendants are not qualified to make.  Therefore, no further answer is required.

104.  Defendants answer that the 2017 Job Order speaks for itself.

105.  Defendants answer only that they were required to and did comply with the terms of the Job Order and the law.

### C. 2018 Job Order

106.  Defendants object to the use of the term "RICO Defendants" to describe the Defendants in the Complaint and deny that the statement of facts set forth in the Complaint accurately characterize the acts or intentions of the Defendants.  Defendants admit only that certain documents were submitted on behalf of Defendant City Pinestraw in connection with legitimately obtaining workers through the H-2A program to work in the United States.

107.  Admitted.

108. Defendants answer that the "Employer's Certification" speaks for itself.

109. Defendants answer that the 2018 Job Order and Exhibit D and the 2015 Job Order speak for themselves.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Defendants are without sufficient knowledge to admit or deny what the GADOL relied on when it approved the 2018 Job Order.

115. Defendants answer that the 2018 Job Order speaks for itself.

116. Defendants admit that Defendant Segura signed Form ETA 9142A. The contents of that document speak for themselves.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied. Further answering, Defendants are without sufficient knowledge to admit or deny what the USDOL relied on in certifying the 2018 Application for Certification.

123. Defendants object to the use of the term "RICO Defendants" to describe the Defendants in the Complaint and deny that the statement of facts set forth in the Complaint accurately characterize the acts or intentions of the Defendants.  Defendants admit only that certain documents were submitted on behalf of Defendant City Pinestraw in connection with legitimately obtaining workers through the H-2A program to work in the United States.

124.  Denied.

125. Defendants object to the use of the term "RICO Defendants" to describe the Defendants in the Complaint and deny that the statement of facts set forth in the Complaint accurately characterizes the acts or intentions of the Defendants.  Defendants admit only that Plaintiff accepted a job to work for the Defendants.  Defendants do not personally recruit.

126. Defendants do not have sufficient knowledge to admit or deny paragraph 126 as they do not know exactly how the Job Order was communicated to Plaintiff.

127. Denied.

128. Denied.

129. Denied.

130. Defendants answer that paragraph 130 calls for a legal conclusion, which Defendants are unqualified to make.  Therefore, no answer is required.

131. Defendants do not have sufficient knowledge to admit or deny what terms Plaintiff was aware of when she accepted Defendants City Pinestraw's job offer.

132. Defendants answer that paragraph 130 calls for a legal conclusion, which Defendants are unqualified to make.  Therefore, no answer is required.

133. Defendants answer that the substance of the 2018 Job Order speak for itself.

134. Defendants answer only that they were required to and did comply with the terms of the Job Order and the law.

<u>Pre-Employment Expenses</u>

135.  Denied.

136.  Denied.

  a)  Denied.

  b)  Denied.

c)    Denied.

d)    Denied.

137.  Defendants deny that Plaintiff was forced to incur any costs that Defendant City Pinestraw was required by law or contract to pay.

138.  Defendants deny that Plaintiff was forced to incur any costs that Defendants were required by contract or law to pay.

139.  Denied.

140.  Denied.

141.  Denied.

<u>Wages and Working Conditions</u>

**A. 2015 Season**

142.  Defendants deny that Francisco Segura was Plaintiff's statutory employer.  Defendants admit that Plaintiff worked for City Pinestraw in 2015.

143.  Denied.

144.  Denied.

145.  Denied.

146.  Defendants deny that Plaintiff's wages needed to be supplemented, or that they ever fell below required minimums.

147.   Denied.

148.   Denied.

149.   Denied.

**B.  2017 Season**

150.   Defendants admit that Plaintiff worked in the Taqueria at her own request

during part of the 2017 season.

151.   Denied.

152.   Denied.

153.   Denied.

154.    Denied.

155.    Denied.

156.    Denied.

157.    Denied.

158.   Defendants deny that Plaintiff's wages needed to be supplemented, or

that they ever fell below required minimums.

159.   Denied.

160.   Denied.

161.   Denied.

162.   Denied.

163.   Denied.

### C. 2018 Season

164.   Denied.  Defendants did not "order" Plaintiff or other workers to work in the Taqueria instead of doing agricultural work.

165.   Denied.

166.   Defendants admit that they owned a Taqueria in 2018.  Defendants did not "order" Plaintiff or other workers to work in the Taqueria instead of doing agricultural work.  Defendants admit that a few workers, including Plaintiff, requested to work in the Taqueria instead of doing agricultural work and Defendants permitted them to do so.

167.   Denied.  Defendants deny that they "ordered" Plaintiff or other workers to work in the Taqueria instead of doing agricultural work. Defendants admit that a few workers, including Plaintiff, requested to work in the Taqueria instead of doing agricultural work and Defendants permitted them to do so.

168.   Denied. Defendants admit that a few workers, including Plaintiff, requested to work in the Taqueria instead of doing agricultural work and Defendants permitted them to do so.

169.   Denied.

170.   Denied.

171.   Denied.

172.   Denied.

173.   Denied.

174.   Denied.

175.   Denied.

176.   Defendants deny that Plaintiff's wages needed to be supplemented or that they fell below required minimums.

177.   Denied.

178.   Denied.

179.   Denied.

180.   Denied.

181.   Denied.

<u>Human Trafficking Scheme</u>

182.   Denied.

183.   Denied.  Plaintiff represented to Defendants that she owned a coffee plantation and was a successful business person in Mexico.  Further answering, Defendants do not personally recruit.

184.   Denied.

185.   Defendants are without sufficient knowledge to admit whether plaintiff has ever taken out any loans. Defendants deny the remaining allegations in paragraph 185.

186.   Defendants are without sufficient knowledge to admit whether plaintiff has ever taken out any loans.

187.   Defendants object to Plaintiff's characterization of the two-bedroom house in which Plaintiff resided as "small."  Defendants admit that Plaintiff lived on this property, which was not in any way substandard.

188.   Admitted.

189.   Defendants admit that the home in which Plaintiff lived did not have central heating and air, which is common for older homes in Baxley, Georgia and is in fact also true of Defendants' office. The home does have a screened in porch which provides significant air flow. Defendants deny the remaining allegations of paragraph 189.

190.   Denied.

191.   Denied.

192.   Denied.

193.   Denied.

194.   Denied.

195.   Admitted.

196.   Denied.

197.   Denied.

198.   Denied.

199.   Denied.

200.   Denied.

201.   Defendant is without sufficient knowledge to admit or deny whether

Plaintiff specifically made a complaint to the USDOL in 2018.

202.   Denied.

203.   Denied.

204.   Denied.

205.   Denied.

206.   Denied.

<u>Employment Discrimination</u>

207.   Denied.

208.   Denied.

209.   Admitted.

210.   Denied.

211.   Denied.

212.   Denied.

213.   Defendants admit only that Plaintiff filed a charge of discrimination with the EEOC after she had left the employment of Defendants, and after she had covertly failed to return to Mexico.

214.   Defendants answer that the EEOC documents speak for themselves.

215.   Defendants answer that the EEOC documents speak for themselves.

Filing False Informational Returns with the U.S. Internal Revenue Services [sic]

216.   Denied.

217.   Denied.

218.   Denied.

219.   Denied.

220.   Denied.

221.   Admitted.

222.   Denied.

223.   Denied.

Alter-Ego Claims

224.   Denied.

225.   Denied.

226.   Denied.

227.   Denied.

## COUNT I: FAIR LABOR STANDARDS ACT – MINIMUM WAGE

(Against All Defendants; 2017 and 2018 Seasons)

228.   The Complaint speaks for itself.

229.   The Complaint speaks for itself.  Defendants deny any liability under the FLSA.

230.   Denied.

231.   Denied.

232.   Denied.

233.   Denied.

234.   Denied.

235.   Denied.

## COUNT II: FAIR LABOR STANDARDS ACT – OVERTIME

(Against all Defendants; 2017 and 2018 only)

236.   The Complaint speaks for itself.

237.   The Complaint speaks for itself.  Defendants deny any liability under the FLSA.

238.   Denied.

239.   Denied.

240.   Denied.

241.   Denied.

242.   Denied.

### COUNT III: BREACH OF CONTRACT – WAGE PROVISIONS

(All Defendants: 2015, 2017 and 2018)

243.   The Complaint speaks for itself.

244.   The Complaint speaks for itself. Defendants deny any liability to Plaintiff whatsoever.

245.   Admitted.

246.   Admitted.

247.   The Job Orders speak for themselves.  Defendants deny that they failed to comply with requirements of the Job Orders or the law in any way.

248.   Denied.

249.   Denied.

250.   Denied.

251.   Denied.

252.   Denied.

253.   Denied.

254.   Denied.

255.   Denied.

256.   Denied.

## COUNT IV: TRAFFIKING VICTIMS PROTECTION REAUTHORIZATION ACT OF 2003 (TVPRA) – FORCED LABOR

### (RICO Defendants; 2017 and 2018)

257.   The Complaint speaks for itself.

258.   The Complaint speaks for itself.  Defendants deny any liability under the TVPRA whatsoever.

259.   The Complaint speak for itself. Defendants deny any liability under the TVPRA whatsoever.

260.   Denied.

261.   Denied.

262.   Denied.

263.   Denied.

264.   Denied.

265.   Denied.

## COUNT IV: TRAFFIKING VICTIMS PROTECTION REAUTHORIZATION ACT OF 2003 (TVPRA) – UNLAWFUL CONDUCT WITH RESPECT TO DOCUMENTS

### (RICO Defendants; 2017 and 2018)

266.   The Complaint speaks for itself.

267.   The Complaint speaks for itself.  Defendants deny any liability under the

TVPRA whatsoever.

268.   The Complaint speaks for itself.  Defendants deny any liability under the

TVPRA whatsoever.

269.   Denied.

270.   Denied.

271.   Denied.

272.   Denied.

273.   Denied.

## COUNT VI: FEDERAL RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT

### (RICO Defendants; 2017 and 2018)

274.   The Complaint speaks for itself.

275.   The Complaint speaks for itself. Defendants deny any liability under

RICO or any other statute or theory of liability.

276.   The Complaint speaks for itself. Defendants deny any liability under

RICO or any other statute or theory of liability.

277.   Defendants answer that paragraph 277 requires a legal conclusion, which

they are not qualified to make.  Therefore, no answer is required.

278.  Defendants answer that paragraph 278 requires a legal conclusion, which they are not qualified to make.  Therefore, no answer is required.

279.  Defendants answer that paragraph 279 requires a legal conclusion, which they are not qualified to make.  Therefore, no answer is required.

280.  Defendants answer that paragraph 280 requires a legal conclusion, which they are not qualified to make.  Therefore, no answer is required.

281.  Denied.

282.  Denied.

283.  Denied as stated.  Defendants object to their characterization as "RICO Enterprises."  To the extent an answer is required, Defendant City Pinestraw does engage in interstate commerce. The remaining allegations of paragraph 283 are denied.

284.  Denied.

285.  Denied.

286.  Denied, including subsections (a)-(e).

## **Predicate Acts**

### Mail and Wire Fraud: 18 U.S.C. §§ 1341 and 1343

287.  Denied.

288.  Denied.

289.   Denied.

### Fraud in Foreign Labor Contracting: 18 U.S.C. § 1351

290.   Denied.

291.   Denied.

### Forced Labor: 18 U.S.C. § 1589

292.   Denied, including subsections (a)-(c)

293.   Denied.

### Unlawful Conduct with Respect to Documents in Furtherance of Forced Labor: 18 U.S.C. § 1592

294.   Denied.

295.   Denied.

## **Pattern of Related Racketeering Activities**

296.   Denied.

297.   Denied.

298.   Denied.

299.   Denied.

300.   Denied.

301.   Denied.

302.   Denied.

303.   Denied.

304.   Denied.

## **Injury and Remedies**

305.   Denied.

306.   Denied, including subsections (a)-(c)

## COUNT VII – GEORGIA RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT

(RICO Defendants: 2017 and 2018)

307.   The Complaint speaks for itself.

308.   The Complaint speaks for itself. Defendants deny that they are liable to Plaintiff under RICO or any other legal theory.

309.   The Complaint speaks for itself. Defendants deny that they are liable to Plaintiff under RICO or any other legal theory.

310.   Defendants answer that this paragraph calls for a legal conclusion, which Defendants are not qualified to make. Therefore, no answer is required.

311.   Denied. Defendants further answer that this paragraph calls for a legal conclusion, which Defendants are not qualified to make. Therefore, no answer is required.

312.   Defendants answer that this paragraph calls for a legal conclusion, which Defendants are not qualified to make. Therefore, no answer is required. Defendants admit only that Segura Harvesting is a legal entity.

313.   Defendants answer that this paragraph calls for a legal conclusion, which

Defendants are not qualified to make. Therefore, no answer is required.

Defendants admit only that City Pinestraw is a legal entity.

314.   Denied.

315.   Denied.

316.   Denied.

317.   Denied.

318.   Denied.

319.   Denied.

320.   Denied.

321.   Denied.

322.   Denied, including subsections (a)-(c).

Predicate Acts

False Statements Against Public Officers or Employees: O.C.G.A. § 16-10-20

323.   Denied.

324.   Denied.

Perjury and Related Offenses (False Swearing): O.C.G.A. § 16-10-71

325.   Denied.

326.   Denied.

Conduct Defined as "Racketeering" in the Federal RICO

327.   Denied.

328.   The Complaint speaks for itself.

## Pattern of Racketeering Activity

329.   Denied.

330.   Denied.

331.   Denied.

332.   Denied.

333.   Denied.

334.   Denied.

335.   Denied.

336.   Denied.

337.   Denied.

## Injury and Remedies

338.   Denied.

339.   Denied, including subsections (a)-(d)

340.   Defendants deny that Plaintiff is entitled to any relief whatsoever, or that
the entry of any judgment or relief sought in paragraph 340 (a)-(d) is
permissible or appropriate.

34

## COUNT VII – SEX DISCRIMINATION IN VIOLATION OF TITLE VII

### (All Defendants; 2018)

341.   The Complaint speaks for itself.

342.   The Complaint speaks for itself.  Defendants deny that they are liable to

Plaintiff under any legal theory.

343.   Denied.

344.   Denied.

345.   Denied.

346.   Denied.

347.   Denied.

## COUNT VIII – VIOLATION OF 26 U.S.C. § 7434 (Filing False Information Returns)

### (Defendant City Pinestraw; 2017 and 2018)

348.   The Complaint speaks for itself.

349.   The Complaint speaks for itself. Defendants deny they are liable to

Plaintiff under any legal theory.

350.   Denied.

351.   Denied.

352.   Defendants answer that this paragraph does not require an answer. Further, Defendants deny that Plaintiff is compelled in any way to provide a copy of this Complaint to the Internal Revenue Service.

## COUNT IX – ALTER EGO (Declaratory Judgment)

353.   The Complaint speaks for itself.

354.   Denied.

355.   Denied.

356.   Denied.

357.   Denied.

## PRAYER FOR RELIEF

358.   DEFENDANTS DENY that Plaintiff is entitled to any relief requested in her Prayer for Relief, including subsections (a)-(m).  In addition, Defendants assert the following Affirmative Defenses:

## AFFIRMATIVE DEFENSES

1.  Plaintiff's Amended Complaint fails to state a claim on which relief may be grated.

2.  Plaintiff has no standing to bring this action.

3.  Intervening acts between the alleged conduct and the injury, which were not taken by Defendants, caused Plaintiff's injuries.

4.  Plaintiff has failed to plead elements of the claims with particularity.

5.  Plaintiff has not shown conduct or participation in conduct of an enterprise.

6.  Plaintiff has not shown a pattern of racketeering activity.

7.  Plaintiff's claims are barred by the statute of limitations.

8.  Plaintiff failed to mitigate her damages.

9.  Plaintiff knowingly consented to and participated in the conduct about which she now complains.

10. Plaintiff has unclean hands.

11. Plaintiff is estopped from complaining about conduct which she consented to and participated in.

12. Plaintiff's claims are barred, in whole or in part, because, to the extent a violation of law occurred (an allegation that Defendants expressly deny),

such violation was not willful, knowing, or in reckless disregard of the law.

13. Plaintiff's claims are barred, in whole or in part, because, to the extent a violation of law occurred (an allegation that Defendants expressly deny), any and all acts or omissions giving rise to liability for such violation were in good faith and Defendants had reasonable grounds for believing that its actions or omissions were not a violation of the law.

14. In calculating liability (if any), Defendants are entitled to exclusion of all elements of Plaintiff's compensation that are excludable from an employee's regular rate, including but not limited to those elements that fall within Section 7(e) of the FLSA, 29 U.S.C. §207(e), and for all time spent on preliminary or postliminary activities excludable from hours worked under 29 U.S.C. §254.

15. In calculating liability (if any), Defendants are entitled to an offset to the extent further investigation and discovery reveal wrongful conduct and resulting monies owed to Defendants.

16. Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to exhaust her administrative remedies with the Equal Employment Opportunity Commission.

17.   Plaintiff's claims and/or relief sought are barred, in whole or in part, because all of Defendants' decisions regarding Plaintiff's employment were for legitimate, non-discriminatory reasons.

18.   Plaintiff's claims and/or relief sought are barred, in whole or in part, because none of Defendants' actions were malicious, egregious, in bad faith, or in willful or reckless indifference to any legal rights of Plaintiff.

19.   Plaintiff's claims and/or relief sought are barred, in whole or in part, because Plaintiff has made false accusations to obtain a T-visa or other immigration status permitting her to remain in the United States.

20.   Plaintiff's claims are barred, in whole or in part, under the *de minimis* doctrine and to the extent damages (if any) are too speculative to be permitted.

21.   The Amended Complaint fails to state a claim against Defendants upon which attorney's fees or costs can be awarded.

22.   Defendants reserve the right to plead any affirmative and additional defenses that may become known during discovery.

THIS 18th day of December, 2020.

> HALL, GILLIGAN, ROBERTS &
> SHANLEVER LLP
>
> */s/ Kristen W. Goodman*
> Kristen W. Goodman
> Georgia Bar No. 300881
> kgoodman@hgrslaw.com
> Elizabeth M. Newton
> Georgia Bar No. 975191
> enewton@hgrslaw.com
> 100 Commercial Court
> Suite D
> Savannah, GA 31406
> (912) 777-6636
>
> *Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| LUCIA FELIX RODRIGUEZ, <br><br> Plaintiff, <br><br> v. <br><br> CITY PINESTRAW AND HARVESTING, LLC; SEGURA'S HARVESTING, LLC, FRANCISCO SEGURA; and MARIA CAMELIA SEGURA, <br><br> Defendants. | Civil Action File No. <br> 2:20-cv-93 |

## CERTIFICATE OF SERVICE

Undersigned counsel certifies that on the 17th day of December, 2020, she arranged for service of the foregoing pleading via the court's cm/ecf system and through the United States mail to the following counsel of record:

Solimar Mercado-Spencer
Lisa J. Krisher
Georgia Legal Services Program
104 Marietta Street, NW Suite 250
Atlanta, Georgia 30303

Daniel Werner
Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave., Suite 1080
Decatur, Georgia 30030

/s/ Kristen W. Goodman
Kristen W. Goodman
Georgia Bar Number 300881
Attorney for Defendants