UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| LUCIA FELIX RODRIGUEZ, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: |
| | : | 2:20-cv-00093-LGW-BWC |
| v. | : | |
| | : | |
| CITY PINESTRAW AND HARVESTING, LLC; SEGURA'S HARVESTING, LLC; FRANCISCO SEGURA; and MARIA CAMELIA SEGURA; | : | |
| | : | |
| Defendants. | : | |

### JOINT MOTION FOR FLSA SETTLEMENT APPROVAL AND FAIRNESS DETERMINATION

Plaintiff and all Defendants, through their undersigned counsel, jointly move this Court for a fairness determination as to the settlement of Plaintiff's Fair Labor Standards Act[1] (FLSA) claims, and for an Order granting final approval of the parties' proposed Agreement and Release attached as Exhibit A.

The settlement of FLSA claims for back wages brought by employees in a private lawsuit requires court approval. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). A district court must "scrutiniz[e] the settlement for fairness," determining whether it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the court finds the settlement to be fair, it may "approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 354.

---

[1] 29 U.S.C. § 201, et seq.

1

**I.      The Agreement is a Fair and Reasonable Resolution of a Bona Fide Dispute**

Defendants have agreed to pay Plaintiff a total of $126,918.33 in settlement of her FLSA claims, plus $27,184.18 in attorney's fees and costs. The settlement compensates Plaintiff for 100% of the minimum and overtime wages allegedly owed to Plaintiff under the FLSA, in addition to almost 100% of Plaintiff's alleged FLSA liquidated damages.  Specifically, Plaintiff claims that she is owed $64,190.42 in FLSA minimum and overtime wages for her employment with Defendants in 2017 and 2018. Plaintiff's compensation under this Agreement includes $64,190.42 in wage claims, and $62,727.91 in liquidated damages.[2]

Defendants dispute the amount of actual hours allegedly worked by Plaintiff and the resulting unpaid wages claimed by Plaintiff under the FLSA, therefore, this settlement represents a compromise of a bona fide dispute. *Boswell v. Bonnaroo Rest. Grp. II, L.P.*, No. CV 115-165, 2016 U.S. Dist. LEXIS 23971, at *4 (S.D. Ga. Feb. 26, 2016) (finding settlement to be a fair and reasonable resolution of a bona fide dispute where the parties disputed coverage under the FLSA and the amount of unpaid wages that were owed).

In addition, the parties have evaluated the expense and risks associated with continuing litigation and have determined that the settlement terms are in their best interest. *See Nichols v. Dollar Tree Stores, Inc.,* No. 1:13-CV-88, 2014 U.S. Dist. LEXIS 8421, at *3 (M.D. Ga. 2014) (holding settlement agreement that did not provide for liquidated damages was fair where there was "a 'bona fide dispute' over whether Plaintiff was entitled to overtime pay, and the Parties [chose] to settle in good faith in lieu of continued litigation.").

---

[2] Plaintiff and Defendants have entered into a separate settlement agreement resolving Plaintiff's non-FLSA claims in this action. The parties wish to keep the terms of that settlement confidential.

Given the disputed facts regarding Plaintiff's actual hours worked and wages owed, the risks in continuing to litigate, and that the settlement provides for significant monetary damages, including compensation beyond 100% of the alleged minimum wage claims, the settlement is fair and reasonable.

## II. The Attorney's Fees Provided by the Agreement are Reasonable

The FLSA provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant[.]" 29 U.S.C. § 216(b). Courts have characterized this language as mandating a fee award to a prevailing plaintiff in FLSA cases. *Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases"); *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985) ("Section 216(b) of the [FLSA] makes fee awards mandatory for prevailing plaintiffs.") To be considered a prevailing party in a FLSA settlement, the court must find the settlement, including the attorney's fees provided by the agreement, to be fair and reasonable. *Mayer v. Wall St. Equity Grp., Inc.*, 514 F. App'x 929, 934 (11th Cir. 2013); *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).

The starting point for determining the amount of a "reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, (1983). The product of these two figures is the lodestar and there is a "strong presumption" that the lodestar is the reasonable sum the attorneys deserve. *Id*. (quoting *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565-566 (1986)). Additionally, [i]t is perfectly proper to award attorney's fees based solely on affidavits in the record. *Norman v.*

3

*Housing Authority of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). The court is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value. *Id*.

The lodestar being sought by Plaintiff here is $27,184.18[3], which represents 53% of the total hours spent on the case by Plaintiff's counsel, Solimar Mercado-Spencer[4], billed at an hourly rate of $300. (Exhibit B: Decl. of Solimar Mercado-Spencer ("Mercado-Spencer Decl.")); and 47% of the total hours spent on the case by co-counsel Daniel Werner[5], billed at an hourly rate of $525. (Exhibit C: Decl. of Daniel Werner ("Werner Decl.")).

### A. The Number of Hours Claimed by Counsel is Reasonable

In seeking a fee award, an attorney must exercise billing judgment as "excessive, redundant or otherwise unnecessary" hours should be excluded from the amount claimed. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Here, Plaintiff's counsel seeks far fewer hours than were actually expended in this litigation. Moreover, Plaintiff is not seeking fees for the professional services provided by other counsel and paralegals who were part of the litigation team in this action. Plaintiff only seeks an award of attorney's fees based on the hours worked by the lead counsel and co-counsel in bringing litigation and negotiating a successful settlement on behalf of Plaintiff. Moreover, Plaintiff's counsel has exercised significant billing discretion and has eliminated time that may be repetitious or duplicative in nature.

---

[3] The total combined attorneys' fees of the FLSA and the non-FLSA settlements are $32,634.60.

[4] When combined with the attorneys' fees for Ms. Mercado-Spencer in the settlement of the non-FLSA claims, her total attorneys' fees represent nearly 65% of the total hours she spent on the case.

[5] When combined with the attorneys' fees for Mr. Werner in the settlement of the non-FLSA claims, his total attorneys' fees represent 60% of the total hours he spent on the case.

The Mercado-Spencer Decl. and the Werner Decl., attached as Exhibits B and C, respectively, attest to the truthfulness of the information contained in this application and further support the reasonableness of the time expended.

### B. The Requested Rate is Reasonable

A reasonable fee is one sufficient to attract competent counsel to represent the case, but not one that provides a windfall for attorneys. *Northeastern Eng'rs Fed. Credit Union v. Home Depot, Inc.* (*In re Home Depot, Inc., Customer Data Sec. Breach Litig.*), 931 F.3d 1065, 1082, (11th Cir. 2019) (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 550 (2010)). Fees for the work of legal aid attorneys should be calculated at rates comparable to those charged by private attorneys in the community with comparable experience. *Blum v. Stanson*, 465 U.S. 886, 894-95 (1984). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). "The general rule is that the relevant market for purposes of determining the reasonable hourly rate for an attorney's services is the place where the case is filed." *American Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (citation and internal quotation marks omitted). However, a party may recover "non-local rates" upon a showing of "a lack of attorneys practicing in that place who are willing and able to handle his claims." *Id.*; see, e.g., *Brooks v. Georgia State Bd. of Elections*, 997 F.2d 857, 869 (11th Cir. 1993) (using Atlanta legal market for voting rights case tried in Brunswick because local legal market did not include attorneys who litigated voting rights cases).

Plaintiff's counsel knows of no attorney within the Southern District of Georgia who represents non-English speaking, foreign guest workers in federal litigation. In general,

5

representing low income immigrant workers in employment disputes is undesirable. *Morales v. Farmland Foods, Inc*., 2013 U.S. Dist. LEXIS 56501, at *35-36 (D. Neb. Apr. 18, 2013) (finding FLSA suit against meat packing plant was undesirable because "transitory nature" of the workers, because "counsel's efforts can be hampered by the workers' natural and rational fear of reprisal" and because "[c]ultural differences, immigration status and unfamiliarity with the American legal system also contribute to the difficulty and 'undesirability' of these types of cases.").

### 1. Solimar Mercado-Spencer's Billing Rate

Plaintiff's' lead counsel, Ms. Mercado-Spencer, a bilingual attorney with over 10 years of experience representing foreign and immigrant workers in employment law litigation, seeks a rate of $300 per hour. Mercado-Spencer Decl. at ¶ 8.  This Court approved this rate for Ms. Mercado-Spencer, in the case of *Arreguin, et al v. Sanchez*, Case No. 2:18-cv-133-LGW-BWC, Doc. # 1, (S.D. Ga. 2020) (unpublished decision attached to Mercado-Spencer Decl.).

The requested hourly rate is also based in the hourly rate previously awarded to Dawson Morton, the former Senior Staff Attorney at the Farmworker Rights Division of Georgia Legal Services Program; the position now held by Ms. Mercado-Spencer. Mercado-Spencer Decl. at ¶ 15.  Nearly 8 years ago, Mr. Morton was awarded $275 per hour in attorney's fees by a court in this district. See: *Ojeda-Sanchez v. Bland Farms*, 2013 U.S. Dist. LEXIS 149013, *7 (S.D. Ga 2013) (The Court holds that Plaintiffs have met their burden to prove that $275 is a reasonable hourly rate). Adjusted for inflation, $275 in 2013 becomes $312.38 in 2021.[6]

---

[6] Plaintiffs are using the U.S. Department of Labor, Bureau of Labor Statistics Inflation Calculator, found at https://data.bls.gov/cgi-bin/cpicalc.pl

Plaintiff submits to the Court that $300 per hour for the work of their lead counsel is not only reasonable, but likely below the current hourly rate for counsel of comparable skills, experience, and reputation in the Atlanta legal community.

### 2. Daniel Werner's Billing Rate

Plaintiffs' counsel Daniel Werner is a bilingual attorney with 24 years representing low-wage workers in dozens of forced labor and other severe labor exploitation cases, as well as civil rights litigation. Nearly all those cases included claims under the FLSA. Werner Decl. at ¶¶ 2-3 & 12. He is recognized internationally as an authority on litigation for labor trafficking survivors and has presented and lectured on the subject and other human rights matters over 80 times in the United States, Europe, Asia, and the Pacific Islands. He also has testified about immigrant labor exploitation before the Organization for Security and Cooperation in Europe in Vienna, Austria; in the Russian Federation as part of a 2010 Bilateral Presidential Commission on Forced Labor and Prisons; and twice before the Equal Employment Opportunity Commission in Washington, DC. *Id.* at ¶¶ 6 & 8-10. He has received several awards for his work, including Public Justice's 2015 Trial Lawyer of the Year Award and an Honorary Doctor of Laws from Grinnell College (his alma mater). *Id.* at ¶¶ 13-14. Finally, he has contributed to a number of publications related to immigrants' employment and civil rights. *Id.* at ¶ 11. He seeks a rate of $525 per hour. In 2020, the U.S. District Court for the Northern District of Georgia found an hourly rate of $525 for Mr. Werner was reasonable. *See Southern Poverty Law Center v. U.S. Dept. of Homeland Security*, No. 1:16-CV-2871-CAP (March 10, 2020) (unpublished decision attached to Werner Decl.).

### C. Plaintiff's Request for Costs

Under 29 U.S.C. 216(b), in addition to attorney's fees, a court shall award a prevailing plaintiff "the costs of the action." Plaintiff seeks recovery of litigation expenses incurred on her behalf in the amount of $885.90. These expenses include the following items, which were necessary for the prosecution of this action:

| Description | Amount |
|---|---|
| Filing Fee | $400.00 |
| Service of Process as to City Pinestraw and Harvesting, LLC | $195.30 |
| Service of Process as to Francisco Segura | $145.30 |
| Service of Process as to Maria Camelia Segura | $145.30 |
| Total | $885.90 |

Accordingly, the parties request that the Court approve the fairness of this settlement and enter the attached proposed Order approving the Agreement.

Respectfully submitted this 9th day of March 2021,

For Plaintiff:

*/s/ Solimar Mercado-Spencer*
Solimar Mercado-Spencer
Lead Counsel
Georgia Bar No. 686614
E-mail: smercado-spencer@glsp.org

*/s/ Lisa J. Krisher*
Lisa J. Krisher
Georgia Bar No. 429762
E-mail: lkrisher@glsp.org

Georgia Legal Services Program
104 Marietta Street NW, Suite 250
Atlanta, GA  30303
Phone: (404) 463-1633

For Defendants:

/s/ Kristen W. Goodman
Kristen W. Goodman
Georgia Bar No. 300881
E-mail: gffloyd@jajlaw.com
Hall, Gilligan, Roberts &
Shanlever, LLP
100 Commercial Court, Suit D
Savannah, GA 31406
Baxley, GA 31513
Phone: (912) 777-6636

*/s/ Daniel Werner*
Daniel Werner
Georgia Bar No. 422070
E-mail: dan@decaturlegal.com
RADFORD & KEEBAUGH, LLC
315 W Ponce de Leon Ave. #1080
Decatur, GA  30030
Phone: (678)271-0304

CERTIFICATE OF SERVICE

This is to certify that on March 9, 2021, I electronically filed the foregoing Joint Motion for Settlement Approval with the Clerk of Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

                                            */s/ Solimar Mercado-Spencer*
                                            Solimar Mercado-Spencer
                                            Counsel for Plaintiffs