# EXHIBIT A

**AGREEMENT AND RELEASE**

City Pinestraw and Harvesting, LLC; Segura's Harvesting, LLC; Francisco Segura; and Maria Camelia Segura; (collectively, the "Defendants"); and Lucia Felix Rodriguez, in exchange for mutual consideration, the adequacy of which is hereby acknowledged, enter into this Agreement and Release, and agree as follows:

I.     **Purpose and Benefit of Settlement Agreement**

Ms. Felix Rodriguez filed a pending lawsuit against the Defendants, in the U.S. District Court for the Southern District of Georgia, *Felix Rodriguez v. City Pinestraw, et al.*, Civil Case No. 2:20-cv-93-LGW-BWC, alleging violations of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq.; the Trafficking Victims Protection Reauthorization Act of 2003 ("TVPRA"), 18 U.S.C. §§ 1595, et seq.; the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, et seq.; the Georgia RICO, O.C.G.A. §§ 16 14 1, et seq., Georgia contract law; and under 26 U.S.C. § 7434 for fraudulent filing of tax information with the Internal Revenue Service ("IRS") (collectively, "the Non-FLSA Claims"), the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq. ("the FLSA Claims"), for work she performed for the Defendants in 2015, 2017, and 2018.

Ms. Felix Rodriguez and the Defendants mutually desire to settle and resolve the pending FLSA Claims, on the terms and conditions set forth in this Agreement.[1]

Although no party admits any wrongdoing, the parties believe that continued litigation would be protracted, expensive, uncertain, and contrary to their best interests. Thus, the parties believe that this Agreement is in the best interest of all parties and is a fair and appropriate resolution of the issues.

---

[1] The parties have negotiated a separate settlement agreement with regards to the Non-FLSA Claims in the lawsuit.

**II.**     **Jurisdiction**

The United States District Court for the Southern District of Georgia, Brunswick Division (the "District Court") has jurisdiction over the parties and the subject matter of this action. If the Agreement is approved, the District Court will retain jurisdiction of the action with respect to the claims resolved by this Agreement solely for the purpose of interpreting, implementing, and enforcing this Agreement consistent with the terms herein.

**III.**    **Court Approval of Settlement Agreement**

The parties will jointly submit this Agreement to the District Court together with a Motion for Settlement Approval and FLSA Fairness Determination. Should the District Court deny the joint motion seeking approval of this Agreement, the parties will make reasonable efforts to renegotiate the Agreement and shall seek District Court approval of the renegotiated Agreement.

**IV.**    **Consideration for Settlement**

In lieu of incurring litigation costs associated with this lawsuit and in consideration for the parties' execution of this Agreement, the parties agree to the following:

A. The Defendants agree to pay to Ms. Felix Rodriguez the total amount of **$126,918.33** ("Total FLSA Amount"), under the following terms:

   (1) Of the Total FLSA Amount, $63,459.17 shall be considered wages ("Wages FLSA Amount"), and $63,459.16 shall be considered non-wage liquidated damages payments ("Non-Wages FLSA Amount").

   (2) The Total FLSA Amount will be issued in the form of checks to Ms. Felix Rodriguez, in thirteen (13) monthly installments. The first twelve (12) installments will be each in the amount of $10,277.78, and the thirteenth installment will be in the amount of $3,584.97.

  (3) The first payment will be due within ten (10) calendar days of the District Court's approval of this agreement. Each following payment will be due within 30 days of the previous payment.

B. The Defendants agree to pay attorneys' fees and costs of court in the amount of $27,184.18 ("FLSA Attorneys' Fees and Costs"), under the following terms:

  (1) The Attorneys' Fees and Costs portions of the settlement funds will be issued payable to the "Georgia Legal Services Client Trust Account," in three (3) monthly installments. The first installment will be in the amount of $6,692.81, the second installment will be in the amount of $10,277.78, and the third installment will be in the amount of $10,213.59.

  (2) The first payment agreed in this Paragraph B, will be due on the same day as the last payment made under Paragraph A, *supra*. Each following payment will be due within 30 days of the previous payment.

  (3) The payments under this Paragraph B, represent attorneys' fees and costs incurred by the Ms. Felix Rodriguez's attorneys to pursue her FLSA claims and will be distributed as described in Appendix A.

C. The parties recognize that Ms. Felix Rodriguez was employed pursuant to an H-2A visa and, therefore, the Wages FLSA Amount is not subject to tax withholdings, as described in the IRS's 2020 Publication 51, (Agricultural Employer's Tax Guide). Further, as non-wage income, her Non-Wages FLSA Amount is not subject to tax withholdings.

D. All payments under this Agreement shall be mailed via Certified Mail or other delivery service that can be tracked, to the lead attorney in the lawsuit, Solimar Mercado-Spencer, Georgia Legal Services Program, 104 Marietta St., N.W., Ste. 250, Atlanta, GA 30303.

E. The Defendants agree to issue individual Forms W-2 to Ms. Felix Rodriguez, corresponding to the portion of the Wages FLSA Amount paid each year, as described in the IRS's 2020 Publication 51 (Agricultural Employer's Tax Guide). The Defendants also agree to issue individual Forms 1099 to Ms. Felix Rodriguez corresponding to the portion of the Non-Wages FLSA Amount paid each year. The Defendants agree to mail these forms to Ms. Felix Rodriguez's attorney, Solimar Mercado-Spencer, Georgia Legal Services Program, 104 Marietta St., N.W., Ste. 250, Atlanta, GA 30303.

F. H-2A Labor Management Improvements and Compliance Check.

   (1) Within sixty (60) days of the effective date of this Agreement, Defendants will implement a uniform electronic time-keeping method for all workers. The time-keeping method implemented must allow workers to clock in and out of work at the beginning and end of their shifts and keep accurate records of the time worked by each worker.

   (2) Within sixty (60) days of the effective date of this Agreement, Defendants will issue weekly wage checks with wage receipts attached (i.e. paystubs), to each worker. The wage receipts attached to the checks will contain all information required under the MSAWPA and the FLSA, including but not limited to an accurate reference to the number of hours worked during the pay period. If the worker performed labor during a work week at a farm not owned or operated by one or more of the Defendants, the wage receipts will identify the owner or operator of the farm or farms.

  (3) Within ninety (90) days of the effective date of this Agreement, Defendants agree to allow a representative of Georgia Legal Services Program to visit their jobsite to observe the electronic time-keeping system described in Paragraph F(1), *supra*.

**V. Material Breach**

 A. Contemporaneously with the execution of this Agreement, the Defendants shall execute a Consent Judgment in the form annexed hereto as Appendix B. Ms. Felix Rodriguez's counsel shall hold the Consent Judgment in escrow and shall take no action to enter and/or enforce the Consent Judgment unless there has been a "material breach" by the Defendants. The Consent Judgment shall be returned to Defendants' counsel if or when the Defendants complete payment of the full amounts that are due under this Agreement.

 B. For the purposes of this Agreement, a "material breach" is defined as:

  (1) The failure of the Defendants to deliver within the time proscribed by this Agreement any of the payments required by this Agreement, provided Ms. Felix Rodriguez first provides, via Certified Mail or other delivery service that can be tracked, a notice of default to the Defendants, care of the Defendants' Attorney Kristen W. Goodman, Hall, Gilligan, Roberts & Shanlever, LLP, 100 Commercial Court, Suite D, Savannah, GA 31406; and Defendants do not cure the default within 10 days of receipt of the notice of default.

  (2) The failure of the Employer to comply with the promises made under Paragraph IV-F of this Agreement, provided Ms. Felix Rodriguez first provides, via Certified Mail or other delivery service that can be tracked, a notice of default to

the Defendants, care of the Defendants' Attorney Kristen W. Goodman, Hall, Gilligan, Roberts & Shanlever, LLP, 100 Commercial Court, Suite D, Savannah, GA 31406; and Defendants do not cure the default within 10 days of receipt of the notice of default.

(3) Prior to the complete payment of the payments required by this Agreement, any of the Defendants files in any court pursuant to any statute either of the United States or any State of the United States, a petition in bankruptcy or insolvency, or for reorganization, or for the appointment of a receiver or trustee of all of all or a portion of the Employer's assets. Notwithstanding this subparagraph, there shall be no "material breach" if the outstanding payments due under this Agreement are made by any of the Defendants within ten (10) days following the filing of any bankruptcy petition by any other of the Defendants.

C. In the event of a material breach by Defendants, Ms. Felix Rodriguez shall have the right to (a) immediately accelerate payment of the Total FLSA Amount and the Attorneys' Fees and Costs, and (b) enter the Consent Judgment against all Defendants. The judgment shall be joint and several against all Defendants in the sum of $141,519.28, less any and all portion of the Total FLSA Amount and the FLSA Attorneys' Fees and Costs the Defendants have paid to Ms. Felix Rodriguez and her counsel prior to the entry of judgment.

D. In the event that Ms. Felix Rodriguez is required to and does in fact enter Judgment against Defendants, Ms. Felix Rodriguez shall be entitled to her costs, expenses and reasonable attorneys' fees expended in the entry and enforcement of the Judgment, as

well as pre-judgment interest calculated from the mid-point date of Ms. Felix Rodriguez's employment with Defendants and post-judgment interest as allowed by law. Ms. Felix Rodriguez shall have the right to enter a supplemental judgment based upon an affidavit from Ms. Felix Rodriguez's counsel for such additional costs, expenses, attorney's fees and interest against the Defendants.

VI. **Release**

In consideration of the payments, benefits, agreements and other consideration to be provided by the Defendants as described in this Agreement, Ms. Felix Rodriguez, for herself and for her heirs, executors, administrators and their respective successors and assigns, **HEREBY RELEASE AND FOREVER DISCHARGE** the Defendants, and their heirs, executors, administrators and their respective successors and assigns, from any and all claims that Ms. Felix Rodriguez may have under the Fair Labor Standards Act, arising anytime between January 1, 2015 and December 31, 2018, whether known or unknown.

VII. **Acknowledgments**

A. Ms. Felix Rodriguez is represented by undersigned counsel who have experience in employment-related disputes and litigation, including claims under the Fair Labor Standards Act. Ms. Felix Rodriguez and her counsel represent that this Agreement compensates her for 100% of the minimum wages allegedly owed to her for the Defendants' alleged minimum wage violations under the FLSA. In addition, this Agreement compensates Ms. Felix Rodriguez for 100% of the liquidated damages arising from the alleged minimum wage violations.

B. Ms. Felix Rodriguez acknowledges that she was represented by counsel of her own choosing throughout the negotiation and the execution of this Agreement, and that she was provided with adequate language translation services; that she has full legal capacity to enter into this Agreement; that she read this Agreement and understands its terms; and that she is agreeing to it knowingly and voluntarily.

C. The Defendants acknowledge that they were represented by counsel of their own choosing throughout the negotiation and the execution of this Agreement. The Defendants further represent that they have full legal capacity to enter into this Agreement, that they were provided with adequate language translation services; and that they are agreeing to it knowingly and voluntarily.

D. Francisco Segura affirms that he is authorized by City Pinestraw and Harvesting, LLC to sign this Agreement on City Pinestraw and Harvesting, LLC's behalf.

E. Francisco Segura affirms that he is authorized by Segura's Harvesting, LLC to sign this Agreement on Segura's Harvesting, LLC's behalf.

VIII. **District Court Approval and Dismissal of the District Court Action**

A. This Agreement is contingent upon its approval by the District Court. If the District Court orders modifications to this Agreement, the modified Agreement is contingent upon the District Court's final approval and upon the parties' agreement to the modifications. The parties shall take all steps as may be reasonably necessary to secure approval of the Agreement, to the extent consistent with the terms of this Agreement.

   B. Ms. Felix Rodriguez agrees to execute and file a Stipulation of Dismissal, with prejudice, in the pending lawsuit, *Felix Rodriguez v. City Pinestraw, et al.*, Civil Case No. 2:20-cv-93-LGW-BWC, within ten (10) days of receiving full payment of the settlement funds as described herein.

## IX. Oral Modifications Prohibited

This Agreement represents the entire agreement between the parties with respect to the FLSA claims brought in the pending litigation (i.e. *Felix Rodriguez v. City Pinestraw, et al.*, Civil Case No. 2:20-cv-93-LGW-BWC). This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written document executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

## X. Laborers' Liens

   A. Ms. Felix Rodriguez has filed, recorded, and indexed certain Laborers' Liens ("the Laborers' Liens") pursuant to O.C.G.A. § 44-14-380 on real property owned by one or more Defendants.

   B. The Release set forth in this Agreement does not annul or render moot Ms. Felix Rodriguez's Laborers' Liens, as this Agreement and the separate Settlement Agreement with regards to the Non-FLSA Claims in this lawsuit constitute compromises allowing Defendants to compensate Ms. Felix Rodriguez for her labor over a period of eighteen months, and that compensation will not be complete until Defendants have complied with the terms of this Agreement and the separate Settlement Agreement with regards to the Non-FLSA Claims in this lawsuit.

   C. Defendants admit the Laborers' Liens are not nonconforming liens as set forth in O.C.G.A. § 44-14-320(b).

D. Defendants have not and will not file any petition or other action in any court, *ex parte* or otherwise, to remove the Laborers' Liens.

E. Defendants admit that a Laborers' Lien is unique and separate from other liens set forth in Title 44, Chapter 14, Article 8 of the Georgia Code.

F. Ms. Felix-Rodriguez will remove the Laborers' Liens upon full satisfaction of the terms of this Agreement and the separate Settlement Agreement with regards to the Non-FLSA Claims in this lawsuit.

G. If, prior to the removal of the Laborer's Liens, the Defendants desire to sell one or more of the properties currently encumbered by the Laborer's Liens to a bona fide third party, the Defendants may seek consent for such sale from the attorneys of record for Ms. Felix-Rodriguez, which consent shall not be unreasonably withheld. Defendants acknowledge and agree that such sale will not be permitted if the total value of property subject to the Laborer's Liens after such sale would fall below the amount owed to Ms. Felix-Rodriguez under the terms of this and the FLSA Settlement Agreement combined.

XI. **Miscellaneous**

A. **Tax Consequences.** To the extent that there are tax-related consequences arising from the payments made under this Agreement, the parties agree that they shall bear their own responsibility for such consequences and that neither party shall indemnify the other party for the consequences arising out of such payments.

B. **Interpretation of the Agreement**. This Agreement shall be interpreted and enforced pursuant to the laws of the State of Georgia. Any claim arising out of or relating to the Agreement, or the subject matter hereof, shall be resolved solely and exclusively in the

District Court, and the parties hereby consent to the personal jurisdiction and subject matter jurisdiction of the District Court in connection therewith.

C. **Counterparts**. This Agreement may be executed in one or more originals or counterparts, all of which will be considered one and the same instrument and all of which will be considered duplicate originals.

D. **Electronic Signatures.** Each party agrees that this Agreement and any other documents to be delivered in connection herewith may be electronically signed, and that any electronic signatures appearing on this Agreement or such other documents are the same as handwritten signatures for the purposes of validity, enforceability, and admissibility. Counsel for each party has overseen their respective clients'/client's placement of the clients'/client's electronic signatures and has independently confirmed that the electronic signature was placed by the client/clients.

**For Lucia Felix Rodriguez**:

_____     _____
Lucia Felix Rodriguez                           Date

**Counsel for Lucia Felix Rodriguez:**

_____     _____
Solimar Mercado-Spencer                      Date
Georgia Legal Services Program

**For City Pinestraw and Harvesting, LLC:**

_____     _____
Francisco Segura                                   Date

District Court, and the parties hereby consent to the personal jurisdiction and subject matter jurisdiction of the District Court in connection therewith.

C. **Counterparts**. This Agreement may be executed in one or more originals or counterparts, all of which will be considered one and the same instrument and all of which will be considered duplicate originals.

D. **Electronic Signatures.** Each party agrees that this Agreement and any other documents to be delivered in connection herewith may be electronically signed, and that any electronic signatures appearing on this Agreement or such other documents are the same as handwritten signatures for the purposes of validity, enforceability, and admissibility. Counsel for each party has overseen their respective clients'/client's placement of the clients'/client's electronic signatures and has independently confirmed that the electronic signature was placed by the client/clients.

**For Lucia Felix Rodriguez:**

_____     03/02/2021
Lucia Felix Rodriguez                              Date

**Counsel for Lucia Felix Rodriguez:**

_____     _____
Solimar Mercado-Spencer                         Date
Georgia Legal Services Program

**For City Pinestraw and Harvesting, LLC:**

_____     _____
Francisco Segura                                      Date

AGREEMENT AND RELEASE
PAGE 11 OF 12

District Court, and the parties hereby consent to the personal jurisdiction and subject matter jurisdiction of the District Court in connection therewith.

C. **Counterparts**. This Agreement may be executed in one or more originals or counterparts, all of which will be considered one and the same instrument and all of which will be considered duplicate originals.

D. **Electronic Signatures.** Each party agrees that this Agreement and any other documents to be delivered in connection herewith may be electronically signed, and that any electronic signatures appearing on this Agreement or such other documents are the same as handwritten signatures for the purposes of validity, enforceability, and admissibility. Counsel for each party has overseen their respective clients'/client's placement of the clients'/client's electronic signatures and has independently confirmed that the electronic signature was placed by the client/clients.

**For Lucia Felix Rodriguez:**

_____       _____
Lucia Felix Rodriguez                    Date

**Counsel for Lucia Felix Rodriguez:**

_____       03/09/2021
Solimar Mercado-Spencer                  Date
Georgia Legal Services Program

**For City Pinestraw and Harvesting, LLC:**

_____       _____
Francisco Segura                         Date

District Court, and the parties hereby consent to the personal jurisdiction and subject matter jurisdiction of the District Court in connection therewith.

C. **Counterparts**. This Agreement may be executed in one or more originals or counterparts, all of which will be considered one and the same instrument and all of which will be considered duplicate originals.

D. **Electronic Signatures.** Each party agrees that this Agreement and any other documents to be delivered in connection herewith may be electronically signed, and that any electronic signatures appearing on this Agreement or such other documents are the same as handwritten signatures for the purposes of validity, enforceability, and admissibility. Counsel for each party has overseen their respective clients'/client's placement of the clients'/client's electronic signatures and has independently confirmed that the electronic signature was placed by the client/clients.

**For Lucia Felix Rodriguez:**

_____     _____
Lucia Felix Rodriguez                              Date

**Counsel for Lucia Felix Rodriguez:**

_____     _____
Solimar Mercado-Spencer                         Date
Georgia Legal Services Program

**For City Pinestraw and Harvesting, LLC:**

*Francisco Segura*                                    3-5-21
Francisco Segura                                      Date

AGREEMENT AND RELEASE
PAGE 11 OF 12

**For Segura's Harvesting, LLC:**

_____   _____
Francisco Segura                                                  Date

**For Francisco Segura:**

_____   _____
Francisco Segura                                                  Date

**For Maria Camelia Segura:**

_____   _____
Maria Camelia Segura                                          Date

**Counsel for the Defendants:**

_____   _____
Kristen W. Goodman                                            Date
Hail, Gilligan, Roberts
         & Shanlever LLP

**For Segura's Harvesting, LLC:**

_Francisco Segura_     3-5-21
Francisco Segura          Date

**For Francisco Segura:**

_Francisco Segura_     3-5-21
Francisco Segura          Date

**For Maria Camelia Segura:**

_Maria C. Segura_     3/5/21
Maria Camelia Segura     Date

**Counsel for the Defendants:**

_Kristen W. Goodman_     3/9/21
Kristen W. Goodman     Date
Hail, Gilligan, Roberts
   & Shanlever LLP